UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MIGUEL FEBUS; JOSE VAZQUEZ,  **MEMORANDUM AND ORDER**
 13 CV 2962 (RRM)(CLP)
        Plaintiffs,

    -against-

ANDREW CUOMO, Governor; BRIAN FISCHER,
(DOCCS); ANTHONY ANNUCCI, (DOCCS);
DR. KONINGSMAN, Chief Medical Officer
(DOCCS); DENNIS BRESLIN, Superintendent
(DOCCS) Queensboro Corr. Facility;
CHIEF MEDICAL ADMINISTRATOR, (DOCCS)
Queensboro Corr. Facility,

        Defendants.
-----------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge:

    On May 15, 2013, plaintiffs Miguel Febus ("Febus") and Jose Vazquez ("Vazquez"), filed this *pro se* complaint pursuant to 42 U.S.C. §1983, alleging deprivation of their civil rights. Plaintiffs' complaint is far from a model of clarity. As best as the Court can discern, the complaint alleges that Plaintiffs were subjected to unconstitutional conditions of confinement while housed at the Queensboro Correctional Facility ("Queensboro"). (*See* Compl. (Doc. No. 1) at ¶ IV.) Furthermore, Plaintiffs may be seeking to assert a claim that while incarcerated at Queensboro they received inadequate medical care. (*See id.*) Plaintiffs seek monetary damages. (*See id.* at ¶ V.)

    Plaintiffs submitted a joint application to proceed *in forma pauperis* ("IFP"). [1] By letter dated May 21, 2013, plaintiffs were notified that each plaintiff must submit a separate IFP

---

[1] Plaintiffs were both incarcerated at Queensboro at the time they filed this action. The Court takes judicial notice that Febus, identified by his Department Identification Number (DIN) 12 A 0961, was paroled on May 17, 2013. *See* http://nysdoccslookup.doccs.ny.gov (Last visited May 30, 2013); *see also* Febus' IFP application (Doc. No. 5).

1

application within 14 days from the date of the letter. On May 29, 2013, the Court received Febus's IFP application. On June 13, 2013, the Court received Vazquez's IFP application. The Court grants both requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and grants Plaintiffs thirty (30) days leave to amend their complaint as detailed below.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings

drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). "In addition to liberally construing *pro se* complaints, a district court should not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a liberal reading of the complaint gives any indication that a valid claim might be stated." *Andersen v. Young & Rubicam Adver.,* 487 Fed. App'x. 675, 676 (2d Cir. 2012) (quotations omitted).

## DISCUSSION

### A. Applicable Law

In order to state a § 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress ... the deprivation of [federal] rights established elsewhere." *Thomas v. Roach,* 165 F.3d 137, 142 (2d Cir. 1999). A civil rights complaint must contain "specific allegations of fact that indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient" to state a claim under § 1983. *See Morpurgo v. Inc. Village of Sag Harbor,* 697 F.Supp.2d 309, 341 (E.D.N.Y. 2010) (citations omitted).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. "To determine whether a punishment is cruel and unusual, courts must look

3

beyond historical conceptions to 'the evolving standards of decency that mark the progress of a maturing society.'" *Graham v. Florida,* 560 U.S. 48,130 S. Ct. 2021 (2010) (quoting *Estelle v. Gamble,* 429 U.S. 97, 102 (1976)). The Supreme Court held that "[t]he Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)); *Walker v. Schult*, No. 12-1806-cv, 2013 WL 2249159, at *4 (2d Cir. May 23, 2013).

To state an Eighth Amendment claim based on conditions of confinement, Plaintiffs must allege that: (1) objectively, the deprivation they suffered was "sufficiently serious that [they] were] denied the minimal civilized measure of life's necessities," and (2) subjectively, the defendant official acted with "a sufficiently culpable state of mind ..., such as deliberate indifference to inmate health or safety." *Gaston v. Coughlin,* 249 F.3d 156, 164 (2d Cir. 2001) (quoting *Farmer*, 511 U.S. at 834 (1994)) (internal quotation marks omitted); *Jabbar v. Fischer,* 683 F.3d 54, 57 (2d Cir. 2012).

Similarly, to state an Eighth Amendment claim based on inadequate medical care, a plaintiff must allege deliberate indifference to his serious medical needs. *Clay v. Kellmurray,* 465 Fed. App'x. 46, 47 (2d Cir. 2012); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). This includes an objective component where the plaintiff must allege that the deprivation of care for his medical condition was "sufficiently serious," *Chance*, 143 F.3d at 702 (quoting *Hathaway,* 37 F.3d at 66 (2d Cir. 1994)), and the subjective component, that the defendant "act[ed] with a sufficiently culpable state of mind." *Hathaway*, 37 F.3d at 66 (citing *Wilson v. Setter,* 501 U.S. 294, 298 (1991)); *Hobson v. Fischer*, No. 10 Civ. 5512, 2011 WL 891314, at *4 (S.D.N.Y. Mar. 14, 2011).

### B. Application

As noted above, plaintiffs' complaint is unclear and lacks specificity. As the complaint is currently drafted, the Court is unable to determine what conditions or what conduct plaintiffs are challenging and, therefore, the complaint would be subject to dismissal for failing to state a plausible Eighth Amendment claim. However, in light of this Court's duty to liberally construe *pro se* complaints and grant leave to amend if a liberal reading of the complaint gives an indication that a valid claim might be stated, plaintiffs are given 30 days leave to file an amended complaint. *See Cruz v. Gomez,* 202 F.3d 593 (2d Cir. 2000).

Plaintiffs should note that any amended complaint, shall supersede and replace in its entirety his original complaint. Furthermore, the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should plaintiffs elect to file an amended complaint, it must contain a caption that identifies, by name, each individual and/or entity against whom plaintiffs are bringing suit and bear the case number assigned to this action.

The Court notes that plaintiffs' complaint is devoid of allegations against all of the named individuals. Further, there appears to be a lack of personal involvement attributable to many of the named defendants, such as Governor Andrew Cuomo; former Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS), Brian Fischer; Acting Commissioner of DOCCS, Anthony Annucci; and Superintendent Dennis Breslin. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1948 (2009) ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution."). Accordingly, plaintiffs are further directed to name as proper defendants those individuals who have some personal involvement in the actions they allege in the amended

complaint and provide the dates and locations for each relevant event. If plaintiffs do not know the names of the individuals, they may identify each of them as John Doe or Jane Doe. To the best of their ability, plaintiffs must describe each individual and the role he or she played in the alleged deprivation of his rights. Plaintiffs should state the nexus between the alleged misconduct and his civil and/or constitutional rights.

## CONCLUSION

As set forth above, plaintiffs are granted 30 days from the date of this order to submit an amended complaint. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiffs fail to amend their complaint within 30 days as directed by this order, the Court shall dismiss their complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to both plaintiffs and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York  
      June 18, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF  
United States District Judge